UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

DARLENE AARON,

      Plaintiff,

v.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, DARLENE AARON, by and through her undersigned attorneys

and hereby sues Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES

("CARNIVAL"), and alleges:

## JURISDICTION, VENUE, AND PARTIES

1. Plaintiff, DARLENE AARON, is a resident and citizen of the State of Georgia.

2. CARNIVAL is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida.

3. CARNIVAL accordingly is a citizen both of Panama and of Florida for jurisdictional purposes.

4. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy far exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

5. Admiralty jurisdiction exists pursuant to 28 U.S.C. §1333.

6. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

7. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff, to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9. Venue is also proper in this district because CARNIVAL's principal places of business are located within this district.

10. Plaintiff has complied with all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

11. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the *Carnival Pride*.

12. At all material times, including the injury date of February 13, 2023[1], Plaintiff was a fare paying passenger aboard the *Carnival Pride* (herein the "subject vessel") and in that capacity was lawfully present aboard the vessel.

---

[1] The Statute of Limitations was extended by agreement until July 15, 2024.

13. On February 13, 2023, Plaintiff was utilizing the gym on Deck 10. Adjacent to the gym, is a jacuzzi and various sets of stairs that lead from the jacuzzi area to the gym equipment located in and around the jacuzzi area.

14. Suddenly and without warning, Plaintiff slipped and fell as she was descending the stairs from the gym area towards the hot tub area (herein the "subject stairs"). Plaintiff's feet flew out from under her landing hard onto her back. Plaintiff felt immediate pain in her back.

15. At the time of the incident, Darlene was holding the handrail. As a result of this slip and fall, Plaintiff suffered serious injuries.

16. After the subject incident, Plaintiff noticed a foreign transitory substance, upon information and belief, believed to be water. Furthermore, the subject stairs appeared to have a smooth tile surface without any slip resistant material. Prior to the incident, these dangerous conditions were not apparent to Plaintiff.

17. After the subject incident, crewmember placed a "caution wet floor" sign on the subject steps.

18. Prior to the incident, Defendant's crewmembers had not alerted Plaintiff or placed any warning cones, tape or otherwise blocked off area.

19. Defendant is on notice of numerous prior substantially similar incidents involving passengers suffering slip and falls on stairs including, but not limited to:

   a. See *Rachel Duker v. Carnival Corporation*, Case No.: 2021-cv-20084 (slip and fall on stairs on March 2, 2020 onboard *Carnival Magic*);

   b. See *Juan Pabey v. Carnival Corporation;* Case No.: 2021-cv-20402 (slip and fall on stairs on February 17, 2020 onboard *Carnival Conquest*);

c. See *Tiffany Isbell  v. Carnival Corporation;* Case No.: 2021-cv-20369 (slip and fall on stairs on November 16, 2019 onboard *Carnival Glory*);

d. See *Laquita Hall v. Carnival Corporation;* Case No.: 2020-cv-24232 (slip and fall on stairs on August 26, 2019 onboard *Carnival Paradise*);

e. See *Aglay Perez v. Carnival Corporation;* Case No.: 2021-cv-24003 (slip and fall on stairs on August 21, 2019 onboard *Carnival Breeze*);

20.  Actual notice exists where a defendant recognizes the need to take corrective action. See *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1288-89 (11th Cir. 2015). The maintenance and/or cleaning team is the type of corrective action evincing actual knowledge of danger posed by uneven, raised, bent, and/or defective points of egress and ingress.

21.  Regardless of the maintenance and/or cleaning team, it has always been Carnival's policy that every crew member's job involves looking out for things that need to be addressed. See *Holderbaum v. Carnival Corporation*, Case No.: 2013-cv-24216 (Deposition of Corporate Representative Monica Petisco, p. 86:6-19.) The immediate cause of an incident would be lack of supervision by crew assigned to the area. *Id.* at p. 105.

### COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE

Plaintiff re-alleges all allegations pled in paragraphs 1 through 21 above as if alleged fully herein.

22.  At all material times, including the injury date of February 13, 2023, the subject vessel was owned, operated, and controlled by CARNIVAL.

23.  At all material times, CARNIVAL owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to maintain the subject stairs where Plaintiff fell, in a reasonably safe condition.

24.     Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

a.  Failure to maintain the subject stairs in a reasonably safe condition;

b.  Failure to perform maintenance in the subject area including the responsibility to inspect the subject stairs and walking surfaces for the dangerous condition including that it becomes unreasonably slippery, slick and/or hazardous when wet;

c.  Failure to timely correct those hazardous conditions when they were or should have been detected;

d.  Failure to adequately and regularly inspect the subject area to determine whether it was unreasonably dangerous including that it was left, or became, unreasonably slippery, slick and/or hazardous;

e.  Failure to maintain the walking surface of the subject area in a reasonably safe condition considering the anticipated use, which included regular use by passengers;

f.  Failure to adequately and regularly monitor the subject area to maintain it free of known, foreseeable dangerous conditions including foreign substances that made it unreasonably slippery, slick and/or hazardous;

g.  Failure to adequately and regularly monitor the subject area to test its coefficient of friction to determine if, over time the surface of the subject stairs had become unreasonably slippery, slick and/or hazardous, requiring resurfacing or other foreseeable corrective measures; and/or

h.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned, dried, and

maintained free of dangerous conditions including that it was unreasonably slippery, slick and/or hazardous.

25. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the subject stairs as referenced above.

26. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior slip/trip and fall instances on the same or similarly configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions in the gym and/or jacuzzi area, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the subject stairs where Plaintiff fell, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to maintain the subject stairs in a reasonably safe condition by correcting its dangerous condition, by closing the subject stairs. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

27. At all material times the dangerous condition of the referenced above was neither known, open, nor obvious to Plaintiff.

28. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

29. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical,

hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## <u>COUNT II – NEGLIGENT FAILURE TO WARN</u>

Plaintiff re-alleges all allegations pled in paragraphs 1 through 21 above as if alleged fully herein.

30. At all material times, including the injury date of February 13, 2023, the subject vessel was owned, operated, and controlled by CARNIVAL.

31. At all material times, CARNIVAL owed Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, such as Plaintiff.

32. Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failing to adequately warn of fall risks created by the condition of the subject area and/or subject stairs, including wet, slippery surfaces, in order to ensure the safety of including the Plaintiff;

b. Failure to warn the Plaintiff of the unreasonably dangerous condition of the subject area and/or subject stairs;

c. Failure to warn the Plaintiff that the subject area and/or subject stairs becomes unreasonably slippery, slick and/or hazardous when wet;

d. Failure to warn the Plaintiff that the subject area and/or subject stairs becomes unreasonably slippery given the gym's proximity to a jacuzzi;

e. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably dangerous surface of the subject area and/or subject stairs, including but not limited to hazardous coefficient of friction in light of the condition of the area's surface; and/or

f. Failure to warn passengers and the Plaintiff of other accidents previously occurring in same area and/or same subject stairs.

33. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the subject stairs as referenced above.

34. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior slip and fall instances on the same or similarly configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions in the gym area and/or on the subject stairs, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

35. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the gym area and/or subject stairs where Plaintiff fell, CARNIVAL failed, before the time of the Plaintiff's injury, to take reasonable measures to maintain the

gym area and/or subject stairs in a reasonably safe condition by correcting its dangerous condition. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

36. At all material times the dangerous condition of the gym area and/or subject stairs referenced above was neither known, open nor obvious to the Plaintiff.

37. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

38. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT III – GENERAL NEGLIGENCE

Plaintiff re-alleges all allegations pled in paragraphs 1 through 21 above as if alleged fully herein.

39.     At all material times, including the injury date of February 13, 2023, the subject vessel was owned, operated, and controlled by CARNIVAL.

40.     At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care.

41.     Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to Plaintiff through the following acts and/or omissions:

a.   Failure to provide a reasonably safe gym area and/or subject stairs and free of dangers including being unreasonably slippery, slick and/or hazardous;

b.   Failure to promulgate and/or enforce adequate policies and procedures for safety of passengers using the gym area and/or subject stairs;

c.   Failure to adequately train crewmembers in the proper method of cleaning, and providing warning signs to provide and maintain a safe gym area and/or subject stairs;

d.   Failure to analyze prior accidents aboard Defendant's vessels occurring in the same area and/or so as to remedy such hazardous conditions including being unreasonably slippery, slick and/or hazardous;

e.   Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident Plaintiff suffered from happening;

f.   Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff;

g. Knowing from previous similar incidents of the likelihood of such an accident, yet failing to take steps to correct the conditions causing the accident.

42. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the gym area and/or subject stairs as referenced above.

43. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior slip and fall instances on the same or similarly configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions in the area, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

44. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the gym area and/or subject stairs where Plaintiff fell, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to maintain the gym area and/or subject stairs in a reasonably safe condition by correcting its dangerous condition. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

45. At all material times the dangerous condition of the Carnival Kitchen referenced above was neither known, open nor obvious to the Plaintiff.

46. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

47. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish,

disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable of right.

Submitted this 12th of July 2024.

> HOLZBERG LEGAL
> 7685 SW 104th Street, Suite 220
> Miami, Florida 33156
> Telephone: (305) 668-6410
> Facsimile: (305) 667-6161
>
> By:    /s/Glenn J. Holzberg
>           GLENN J. HOLZBERG
>           Florida Bar No.: 369551
>           glenn@holzberglegal.com
>           erika@holzberglegal.com
>           LOUIS M. HOLZBERG
>           Florida Bar No.: 1011340
>           louis@holzberglegal.com
>           erika@holzberglegal.com
>           *Counsel for Plaintiff*