UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22648-JB

DARLENE AARON,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint [ECF No. 13], and

states as follows*:

**ANSWER**

**JURISDICTION, VENUE, AND PARTIES**

1.     Without knowledge, therefore denied.

2.     Admitted for purposes of this litigation only that jurisdiction is proper.

3.     Admitted for purposes of this litigation only that jurisdiction is proper.

4.     Admitted for purposes of this litigation only that jurisdiction is proper.

5.     Admitted.

6.     Admitted for purposes of this litigation only that jurisdiction is proper.

7.     Admitted Defendant operated the *Pride* at all times relevant.

8.     Admitted.

9.     Admitted for purposes of this litigation only that venue is proper.

10.     Admitted.

## GENERAL ALLEGATIONS

11.     Admitted Defendant operated the *Pride* for fare-paying passengers during the subject voyage.

12.     Admitted.

13.     Without knowledge as to Plaintiff's actions prior to her alleged fall, therefore denied.

14.     Denied.

15.     Denied.

16.     Denied as phrased.

17.     Denied as phrased.

18.     Denied as phrased.

19.     Denied, including subparts (a) through (e).

20.     Denied as an inaccurate and incomplete statement of law.

21.     Denied.

22.     Denied.

23.     Denied as phrased.

## COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE

Defendant hereby incorporates its responses to paragraphs 1 through 23 as though fully stated herein.

24.     Admitted that Defendant operated the *Pride* on February 13, 2023.

25.     Denied as an inaccurate and incomplete statement of law.

26.     Denied, including subparts (a) through (h).

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

## COUNT II – NEGLIGENT FAILURE TO WARN

Defendant hereby incorporates its responses to paragraphs 1 through 23 as though fully stated herein.

33.     Admitted Defendant operated the *Pride* on February 13, 2023.

34.     Denied as an incomplete statement of law.

35.     Denied, including subparts (a) through (f).

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

## COUNT III – NEGLIGENCE

Defendant hereby incorporates its responses to paragraphs 1 through 23 as though fully stated herein.

42.     Admitted Defendant operated the *Pride* on February 13, 2023.

43.     Admitted.

44.     Denied, including subpart (a).

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

## COUNT IV – NEGLIGENT TRAINING

Defendant hereby incorporates its responses to paragraphs 1 through 23 as though fully stated herein.

51.     Admitted Defendant operated the *Pride* on February 13, 2023.

52.     Admitted.

53.     Denied as phrased.

54.     Denied, including subparts (a) through (d).

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

**\* All allegations not specifically admitted to are hereby denied, including the damages sought in the wherefore clauses.**

**AFFIRMATIVE DEFENSES**

In Answering further, Defendant would also affirmatively state as follows:

A.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

B.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

C.      Plaintiff has failed to mitigate her losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage.

D.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

E.      Plaintiff failed to seek timely medical treatment for her condition which caused and/or exacerbated her damages and/or failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected her recovery.

F.      Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

G.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

H.      The Plaintiff's damages were caused entirely by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

I.      Defendant, and its employees and/or agents, had no notice of any dangerous or risk-creating condition.

J.      Any risks complained of by Plaintiff were open and obvious, obviating any duty to warn by Defendant.

K.      Plaintiff has failed to state a claim for negligent training as a matter of law.

Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.

**[Signature block to follow]**

Respectfully submitted,

/s/ Cooper Jarnagin

Michael J. Drahos
Florida Bar No. 0617059
Michael.Drahos@Gray-Robinson.com

W. Cooper Jarnagin
Florida Bar No. 117767
Cooper.Jarnagin@Gray-Robinson.com

Ashley Genoese
Florida Bar No. 1019357
Ashley.Genoese@Gray-Robinson.com

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33140
Telephone: (561) 268-5727

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

/s/ Cooper Jarnagin

## SERVICE LIST

Louis Maxwell Holzberg
Holzberg Legal
7685 SW 104th Street
Suite 220
Miami, FL 33156
3056686410
Email: louis@holzberglegal.com

Glenn J. Holzberg
Law Offices of Glenn J Holzberg
7685 SW 104th Street
Suite 220
Miami, FL 33156-3151
305-668-6410
Fax: 667-6161
Email: glenn@holzberglegal.com